UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OSCAR FUENTES VALLE,                                              Civil Action No.

                      Plaintiff,

  -against-

COUNTERTOP DESIGN LLC and
CHRIS BLASZCZYNSKI,

                     Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, OSCAR FUENTES VALLE ("Plaintiff"), as and for his Complaint against Defendants, COUNTERTOP DESIGN LLC and CHRIS BLASZCZYNSKI ("Defendants"), respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult male currently residing in the State of New York.

6. Plaintiff is a former employee of Defendants.

7. Defendant, Countertop Design LLC ("Countertop") is a domestic limited liability company duly organized and existing under the laws of the State of New York.

8. Countertop maintains a place of business located at 241 N. Fehr Way, Bay Shore, New York 11706.

9. Upon information and belief, at all relevant times, Countertop maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

10. Upon information and belief, Defendant, Chris Blaszcynski ("Blaszcynski"), is a resident of the State of New York.

11. Blaszczynski is the owner of Countertop.

12. Upon information and belief, at all relevant times, Blaszczynski was and continues to be an owner, corporate officer, director, and/or managing agent of Countertop.

13. Upon information and belief, at all relevant times, Blaszczynski exercised operational control over Countertop, controlled significant business functions of Countertop, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Countertop in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

14. Upon information and belief, at all relevant times, Blaszczynski participated in running the daily operations of Countertop and its countertop design business.

15. Upon information and belief, at all relevant times, Blaszczynski participated in the management and supervision of Plaintiff and his work for Countertop.

16. As such, Defendants Countertop and Blaszczynski are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

17. Plaintiff was employed as a countertop installer for the benefit of and at the direction of Defendants.

18. Plaintiff was employed by Defendants from October 13, 2021 to July 11, 2022.

19. During his employment, Plaintiff was not required to punch in or out, sign in or out, log in or out, or otherwise record the time that he worked each day and each week.

20. During his employment, Defendants paid Plaintiff by the hour.

21. During his employment, Defendants paid Plaintiff straight time for each hour that he worked each day and each week.

22. During his employment, when Plaintiff worked more than forty hours in a week, Defendants would only pay him straight time for the hours that he worked over forty instead of time and one half his regular rate of pay.

23. For example, for the work week October 21, 2021 to October 27, 2021, Plaintiff worked 53 hours and, thus, worked 13 hours of overtime.

24. Defendants, however, did not pay Plaintiff time and one-half his regular rate of pay for these overtime hours.

25. For the work week October 28, 2021 to November 3, 2021, Plaintiff worked 49.25 hours and, thus, 9.25 hours of overtime.

26. Defendants, however, did not pay Plaintiff time and one-half his regular rate of pay for these overtime hours.

27. For the work week December 2, 2021 to December 8, 2021, Plaintiff worked 49.5 hours and, thus, 9.5 hours of overtime.

28. Defendants, however, did not pay Plaintiff time and one-half his regular rate of pay for these overtime hours.

29. During all weeks that Plaintiff worked more than 40 hours, Defendants did not pay Plaintiff overtime compensation.

30. For example, for the work week June 2, 2022 to June 8, 2022, Plaintiff worked 59.5 hours.

31. Defendants, however, did not pay Plaintiff time and one-half his regular rate of pay for these overtime hours.

32. For the work week June 9, 2022 to June 15, 2022, Plaintiff worked 58.5 hours.

33. Defendants, however, did not pay Plaintiff time and one-half his regular rate of pay for these overtime hours.

34. During his employment, Defendants repeatedly denied Plaintiff overtime compensation during each week that he worked more than 40 hours.

35. During his employment, Defendants repeatedly failed to pay Plaintiff time and one half his regular rate of pay for each hour that he worked in excess of 40 hours during each week that he worked more than 40 hours.

36. During his employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

37. During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL section 195(1).

38. Blaszczynski participated in the decision to hire Plaintiff.

39. Blaszczynski participated in the decision to fire Plaintiff.

40. Blaszczynski participated in deciding the job duties that Plaintiff performed on a daily basis.

41. Blaszczynski participated in the daily supervision of Plaintiff's job duties and responsibilities.

42. Blaszczynski participated in setting Plaintiff's work schedule.

43. Blaszczynski participated in deciding the hours that Plaintiff worked each week.

44. Blaszczynski participated in deciding the manner in which Plaintiff was paid.

45. Blaszczynski participated in deciding the compensation Plaintiff was paid.

46. Blaszczynski participated in running the day-to-day operations of Defendant Countertop during Plaintiff's employment.

47. Defendants managed Plaintiff's employment, including the amount of time worked and the rates that he was paid.

48. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

49. Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay him the proper wages to which he was entitled under the law.

50. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

51. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

53. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Countertop is an enterprise engaged in commerce or in the production of goods for commerce.

54. At all times relevant to this Complaint, Defendant Countertop had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a countertop installer and handled materials and equipment that originated outside of the State of New York.

55. Upon information and belief, the gross annual volume of sales made or business done by Defendant Countertop for the year 2021 was not less than $500,000.00.

56. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

6

58. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

59. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

60. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant periods of his employment.

61. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

62. Defendants did not act in good faith with respect to the conduct alleged herein.

63. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

64. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

66. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

67. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

68. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

69. Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of their employment, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

70. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

71. Defendants did not act in good faith with respect to the conduct alleged herein.

72. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated

8

by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

75.  Through his knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

76.  Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

77.  Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78.  Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

79.  Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

9

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;
2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;
3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices;
4. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       September 1, 2022

                                                                 Justin M. Reilly, Esq.
                                                                 Neil H. Greenberg & Associates, P.C.
                                                                 *Attorneys for the Plaintiff*
                                                                 4242 Merrick Road
                                                                 Massapequa, New York 11758
                                                                 Tel: 516.228.5100
                                                                 justin@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Countertop Design LLC, Chris Blaszczynski,** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I, consent to be a party plaintiff in a lawsuit against **Countertop Design LLC, Chris Blaszczynski,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

Fecha: July 25, 2022

Firma: _____
Oscar Y. Fuentes Valle